943 So.2d 655 (2006)
STATE of Louisiana, Appellee,
v.
Phillip Duke SEMON, Appellant.
No. 41,999-KW.
Court of Appeal of Louisiana, Second Circuit.
November 30, 2006.
Indigent Defender Board by Jerry Kircus, for Appellant.
Paul Joseph Carmouche, District Attorney, Damon Daniel Kervin, Assistant District Attorney, for Appellee.
Before WILLIAMS, DREW and MOORE, JJ.
WRIT DENIED.
This writ is untimely, but we will consider the filing because:
 there were extenuating circumstances relative to the late filing, and
 it is clear that the application should be denied on the merits anyway.
The defendant's writ application was indeed filed late, but the reason was a family illness, and the record is ample to dispose of this suppression question.
All three of applicant's issues raised in this writ pertain to consent. This is technically an unnecessary inquiry, because of the extant arrest warrants for the defendant. These warrants provided objective justification for entries into defendant's home and his bedroom to search for his person, without need for consent of the co-occupant.
The questions and answers at the suppression hearing were primarily focused on whether or not Defendant's mother freely and voluntarily consented for the officer to enter:
 the residence where she and the defendant live; and
 the defendant's bedroom.
Our learned brother judge below observed the two witnesses and made a credibility *657 call that the entries into the home and into the defendant's bedroom were consensual. Nothing in this filing leads us to find error in the trial court's conclusion in this regard.
In actuality, though, the two salient points are these:
 It is undisputed that the officers were aware of the existence of two arrest warrants for this defendant, one on a felony probation matter;[1]
 Consent of the mother was unnecessary  a non-issue  since she admitted that the defendant lived with her.[2]
The officers therefore had the objective right:
 to enter the defendant's home and search anywhere he could hide;[3]
 to be where he was (inside the house and inside his bedroom);[4] and
 to seize any items immediately apparent to him as contraband. The items were legally seized pursuant to plain view.[5]
Once lawfully inside the premises (whether by consent or by an arrest warrant), had the officers possessed a reasonable suspicion of danger, they could also have conducted a protective sweep, for officer safety, also limited to places a defendant could hide. In conjunction therewith, any contraband in plain view could have been seized.[6]
This writ application is denied on the merits.
NOTES
[1] There is no requirement that the officers must have the arrest warrant in their possession. La. C. Cr. P. Art. 217.
[2] An officer may search a defendant's residence and arrest him, without consent, and without close pursuit, pursuant to an arrest warrant. See Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980).
[3] Had this defendant been hiding in a structure that was not his home, then (absent consent or close pursuit) the officers would have needed an arrest warrant for Semon, and a search warrant for his person, in order to make a non-consensual entry of the premises. This is not the case here. See Steagald v. U.S., 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981).
[4] This is so, even assuming, arguendo, that the mother's consent was not voluntary, a claim expressly rejected by the trial court.
[5] See Illinois v. Andreas, 463 U.S. 765, 103 S.Ct. 3319, 77 L.Ed.2d 1003(1983).
[6] U.S. v. Gould, 364 F.3d 578 (5th Cir.2004), cert denied, Gould v. U.S., 543 U.S. 955, 125 S.Ct. 437, 160 L.Ed.2d 317 (2004).